UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. ANDERSON, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL HAGGAR, JULIE RISTY, MINNEHAHA COUNTY, <br><br> Defendants. | 4:23-CV-04024-KES <br><br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL |

Plaintiff, Douglas E. Anderson, commenced a pro se civil rights lawsuit under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by refusing to file documents in the Minnehaha County Register of Deeds' office. Dockets 2, 5. Defendants filed a motion to dismiss for failure to state a claim, Docket 9, which Anderson opposes, Dockets 11, 18. Anderson has filed a motion for summary, Docket 19, which defendants oppose, Docket 20. Anderson moves to recuse United States District Court Judge Karen E. Schreier. Docket 22. For the reasons set below, Anderson's motion is denied.

I.   **Legal Standard**

Under 28 U.S.C. § 455(a), a judge must recuse from any proceeding if the judge's "impartiality might reasonably be questioned." This standard is objective and questions " ' whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.' " *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (quoting

*Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002)). A party filing a motion for recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (internal quotation omitted). A judge should also recuse if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

## II.    Discussion

Anderson contends that there are two grounds for recusal. *See* Docket 22.  He contends that "one of the defense attorneys representing this case has prejudiced this case by serving as a federal court [law] clerk." *Id.* at 1, 3. He also contends that the court has not acted in conformity with Canon 3.A(5) of the Code of Conduct for United States Judges, which provides that a "judge should dispose promptly of the business of the court." Docket 22 at 2. Anderson filed a memorandum in support of his motion for summary judgment on June 9, 2023, and has not "receiv[ed] any notifications from the court of scheduling anything." *Id.*

Anderson has not met his burden. Anderson has not alleged any facts that demonstrate any personal bias or prejudice toward him or a basis for concluding that the court's impartiality might reasonably be questioned. That the court has not ruled on his motion for summary judgment as promptly as he would like is not a basis for recusal. *See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., L.L.C.*, 793 F.3d 313, 329 (3d Cir. 2015) (recognizing that an alleged delay in ruling is not a basis for concluding that a judge's impartiality

might reasonably be questioned); *Baldyga v. United States*, 337 F. Supp. 2d 264, 270 (D. Mass 2004) (denying motion for recusal based on delay in ruling on a pending motion because delay is not a basis for recusal in any statute or case law). The District of South Dakota Civil Local Rules of Practice do not require that the court schedule a hearing on a motion. "Oral argument may be had only upon order of the court." D.S.D. Civ. LR 7.1.C. Anderson did not request oral argument in his motion for summary judgment or supporting brief. Dockets 19, 21. The fact that Anderson's motion for summary judgment has been pending for less than three months without a ruling by the court is not grounds for recusal.

Anderson also contends that one of the defendants' attorneys served as a federal law clerk in South Dakota. Ms. Derenge served as a law clerk for Chief Judge Roberto Lange; she did not work as a law clerk for Judge Schreier, the judge to whom this case is assigned. Further, during the term of her clerkship with Chief Judge Lange, Ms. Derenge did not work on any matters that were assigned to Judge Schreier.

Even if Ms. Derenge had worked as a law clerk for Judge Schreier, there is no per so prohibition precluding a district judge from presiding over a case in which the judge's former law clerk acts as counsel. *See, e.g.*, *Brown v. Brock*, 169 F. App'x 579, 583 (11th Cir. 2006) (per curiam) (citing *Fredonia Broad. Corp. v. RCA Corp.*, 569 F.2d 251, 256 (5th Cir. 1978)). But the Eighth Circuit has "endorse[d] the principle that a certain insulation period should pass before a judge sits on a case in which his or her former law clerk acts as

3

counsel." *United States v. Hollister*, 746 F.2d 420, 425 (8th Cir. 1984). Because Ms. Derenge is not a former law clerk for Judge Schreier, the judge to whom this matter is assigned, no period of insulation is necessary. Further, because this action was not even commenced until more than six months after Ms. Derenge's clerkship with Chief Judge Lange had ended, an average person on the street who knows all the relevant facts would not reasonably question this court's impartiality. That one of defendants' attorneys served as a law clerk for another district judge in the District of South Dakota is not a basis for recusal of the district judge to whom this case is assigned.

Thus, it is ORDERED that Anderson's motion for recusal (Docket 22) is denied.

Dated August 22, 2023.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE