UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. ANDERSON,<br><br>                    Plaintiff,<br><br><br>          vs.<br><br>DANIEL HAGGAR, JULIE RISTY,<br>MINNEHAHA COUNTY,<br><br>                    Defendants. | 4:23-CV-04024-KES<br><br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS AND DENYING<br>PLAINTIFF'S PENDING MOTIONS |

Plaintiff, Douglas E. Anderson, commenced a pro se civil rights lawsuit under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by refusing to file documents in the Minnehaha County Register of Deeds' office. Dockets 3, 5. Defendants filed a motion to dismiss for failure to state a claim, Docket 9, that Anderson opposes, Dockets 11, 18. Anderson has filed a motion for summary judgment, Docket 19, that defendants oppose, Docket 20. Anderson has also filed a motion seeking to join David Pfeifle of the South Dakota Public Assurance Alliance as a defendant. Docket 15. Defendants oppose Anderson's motion to join Pfeifle as a defendant. Docket 17.

## FACTUAL BACKGROUND

The facts alleged in Anderson's amended complaint (Docket 3) and supplement (Docket 5), accepted as true, are as follows:

On July 25, 2022, Anderson took documents to the Minnehaha County Register of Deeds and requested that the documents be filed. Docket 3 at 4;

Docket 5 ¶ 1. Anderson describes them as "documents of a Common law copy right claim (CLCR)[.]" Docket 5 ¶ 1. Anderson did not attach the documents he sought to have filed as exhibits to his amended complaint, Docket 3, but Anderson attached a copy to his opposition to defendants' motion to dismiss. Docket 18-1. On July 27, 2022, Anderson received a letter from defendant Daniel Haggar, who is the Minnehaha County State's Attorney.[1] Docket 3 at 4. Haggar's letter informed Anderson that the documents he had delivered to the Register of Deeds office would not be filed because "the law does not require or authorize the recording of this document as it currently exists[.]" Docket 5 ¶ 2. Haggar's letter referenced SDCL §§ 7-9-19, 43-28-23, 18-1-3.1, and 18-5-1. *Id.* Anderson contends that Haggar's letter "made a false claim . . . suggesting the plaintiff had submitted a counterfeit lien on . . . [his] own personal property." Docket 3 at 4. Anderson alleges that defendants "were implying the threat to have . . . [him] falsely arrested and maliciously prosecuted." *Id. See also* Docket 5 ¶ 5. After defendants filed their motion to dismiss, Anderson submitted "evidence" in support of his claim against defendants. Docket 16. Haggar's July 27, 2022, letter is one of the exhibits Anderson filed. Docket 16-1 at 1–2.

At the time of attempted filing, defendant Julie Risty was the Minnehaha County Register of Deeds. Docket 3 at 2–3. Anderson alleges that Risty is not authorized to give legal advice without a bar card and that he never asked Risty for legal advice. Docket 5 ¶ 6.

---

[1] Anderson's amended complaint alleges that Haggar drafted the July 27, 2022, letter, Docket 3 at 4, but Risty signed the letter, Docket 16-1 at 2.

SDCL § 7-9-19 provides that a "register of deeds may refuse to record any document that the law does not require or authorize a register to record or any document that the register has reasonable cause to believe is a counterfeit lien as defined in § 22-11-29." A counterfeit lien is defined as a lien that:

> (1) Is not provided for or by a specific state or federal statute;
>
> (2) Does not depend upon the consent of the owner of the property affected for its existence; and
>
> (3) Is not an equitable or constructive lien imposed by a court recognized under the U.S. Constitution, federal laws, or the constitution or laws of this state.

SDCL § 22-11-29.

The CLCR document Anderson attempted to file with the Register of Deeds states that it "becomes a Security Agreement wherein User is a debtor and DOUGLAS EUGENE ANDERSON, Douglas Eugene Anderson is Secured Party[.]" Docket 18-1 at 1. The CLCR document further provides that the user, Anderson, grants the secured party, Anderson, a security interest in all of Anderson's property as "collateral for securing User[]s contractual obligation in favor of Secured Party for User's unauthorized use of Secured Party's copyrighted property[.]" *Id.* at 1–2. Anderson alleges that he recorded Uniform Commercial Code (U.C.C.) documents memorializing the security interest referenced in the CLCR document on March 15, 2022. Docket 5 ¶¶ 5, 8; *see also* Docket 16-1 at 36–37. Because defendants refused to record the CLCR document, Anderson alleges they are "attempting to void every contact/nullify/void a trust/expunge the lien whereas the plaintiff owns all the personal property, trusts, etc, etc attached to UCC1&3[.]" Docket 5 ¶ 5.

3

On August 1, 2022, Anderson sent Risty a letter that Anderson describes as a "Lawful Notice of Demand." *Id.* ¶ 10; Docket 16-1 at 8–15. Risty did not respond to Anderson's demand letter. Docket 5 ¶ 10. On August 16, 2022, Anderson sent Risty another document he describes as a "Notice of Default/Opportunity to Cure." *Id.*; Docket 16-1 at 16–26. Risty did not respond to Anderson's notice of default. Docket 5 ¶ 10. On October 6, 2022, Anderson sent to Risty a "Judgment of Default." *Id.*; Docket 16-1 at 27–35. Risty did not respond to Anderson's judgment of default. Docket 5 ¶ 10. According to his "notice of default," Risty did not respond to the affidavits Anderson sent her on August 1, 2022, and August 16, 2022. Docket 16-1 at 28. *See also* Docket 3 at 4 ("Plaintiff asserts the defendant Julie Risty acting under COL [color of law] would not answer to any affidavits sent to her."). Thus, Anderson asserts that he is entitled to a default judgment. Docket 16-1 at 28. Anderson alleges he "did a common law administrative procedure with the defendant Julie Risty whereas she failed to respond to affidavits presented to her . . . Under the maxims of law, she, by tacit agreement acquiesced to all claims presented to her." Docket 5 ¶ 10.

In his amended complaint and supplement, Anderson alleges violation of his rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. Docket 3 at 3; Docket 5 at 5–6. He seeks $125,000 in actual damages and $125,000 in punitive damages. Docket 3 at 5.

## I.     Defendants' Motion to Dismiss

### A.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such motions, the court must accept as true the allegations in the complaint and construe the pleadings in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleaded facts must demonstrate a plausible claim, that is, one in which the pleader has shown more than an abstract "possibility" that the defendant has engaged in actionable misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson*, 551 U.S. at 94. *See also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam).

"Though matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleadings." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). "Documents necessarily embraced by the pleadings include 'documents whose contents are

alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.' " *Id.* (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)). Materials that are part of the public record may also be considered by a court in deciding a Rule 12(b)(6) motion. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

After defendants filed their motion to dismiss, Anderson filed a judicial notice of evidence in support of his claims against defendants. *See* Docket 16. Many of the exhibits attached to Anderson's judicial notice of evidence are documents embraced by and whose contents are alleged in Anderson's amended complaint and supplement. *See generally* Docket 3; Docket 5; Docket 16-1. As defendants note, some of the documents Anderson submitted "provide documentation and context for the allegations in Anderson's Complaint and Amended Complaint." Docket 17 at 4–5. Defendants do not object to the court considering Anderson's evidence when ruling on their motion to dismiss, but defendants argue that Anderson "does not present any evidence that precludes the Court from granting Defendants' relief." *Id.* at 4. The court will consider Anderson's "evidence" (Docket 16-1) when ruling on defendants' motion to dismiss.

Defendants argue that Anderson's "Affidavit of Truth and Facts" (Docket 12) is redundant, immaterial, and should be stricken. Docket 17 at 4. The court liberally construes Anderson's "Affidavit of Truth and Facts" as a supplemental brief in opposition to defendants' motion to dismiss. Defendants' motion to strike Anderson's "Affidavit of Truth and Facts" is denied, and the

6

court will consider Anderson's arguments in opposition to defendants' motion to dismiss.

### B.   Standard for Section 1983 Liability

"Standing alone, section 1983 does not establish any substantive rights. Rather, it simply serves as a vehicle for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012) (citations and internal quotation omitted). To state a claim under § 1983, a plaintiff must establish two elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person action under the color of state law. *West v Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). But not every violation of federal law is cognizable under § 1983. As the Eighth Circuit Court of Appeals has explained:

> Violation of a federal statute does not automatically give rise to a civil rights claim under § 1983. This is because in order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*. Section 1983 provides a method of redress only for those federal statutes which create enforceable rights, privileges, or immunities within the meaning of § 1983. The plaintiff bears the burden to demonstrate that the statute at issue confers a federal right on the plaintiff. The Supreme Court has recently clarified that nothing short of an unambiguously conferred right will support a cause of action brought under § 1983.

*Frison v. Zebro*, 339 F.3d 994, 998–99 (8th Cir. 2003) (alteration in original) (citations and internal quotations omitted).

### C.    Fourth Amendment

Anderson alleges that defendants violated his Fourth Amendment rights. Docket 3 at 3. He asserts that "his papers (lien, affidavits, beneficial ownership . . . ) are being seized without any lawful authority or warrant[.]" Docket 5 at 5. The Fourth Amendment prohibits unreasonable searches and seizures. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interest in that property." *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Anderson has not alleged that Risty or Haggar interfered with his possessory interest in any property by refusing to file the CLCR document. At most, Anderson has alleged that Risty and Haggar interfered with his ability to enjoy the benefits of the alleged CLCR lien, but this is insufficient as a matter of law to constitute a seizure.

### D.    Fifth Amendment

In his amended complaint, Anderson alleges a violation of the Fifth Amendment. Docket 3 at 3. Because Anderson has not named federal government officials as defendants, he fails to state a claim for violation of the Fifth Amendment. "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.' " *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). *See also Hess v. Ables*, 714 F.3d 1048, 1053 (8th Cir. 2013) (stating that Fifth

Amendment due process claim "is unsustainable against any . . . non-federal government defendants").

### E.   Fourteenth Amendment

Anderson alleges that defendants violated his due process rights by "attempting to vacate and extinguish . . . [his] lien . . . under false allegations, deceit, misrepresentation [and] [b]y invading, seizing on [his] . . . expressed irrevocable private trust instruments[.]" Docket 5 at 6. Under the Fourteenth Amendment, a "State [cannot] deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. The Due Process Clause encompasses two distinct forms of protection: (1) procedural due process, which requires a state to employ fair procedures when depriving a person of a protected interest, and (2) substantive due process, which guarantees that a state cannot deprive a person of a protected interest arbitrarily and oppressively in a manner that "shocks the conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–47 (1998); *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (en banc). To assert a procedural due process claim, Anderson must demonstrate that he was deprived of some life, liberty, or property interest arising under state law and, if successful, he must then demonstrate that he was deprived of that property without sufficient process. *Krentz v. Robertson Fire Prot. Dist.*, 228 F.3d 897, 902 (8th Cir. 2000). The property right at issue in a procedural due process claim must have been created by an independent source such as state law rather than by the Constitution. *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1017 (8th Cir.

9

2011). "[T]he possession of a protected life, liberty, or property interest is . . . a condition precedent" to any due process claim. *Singleton*, 176 F.3d at 424 (alteration in original) (quoting *Movers Warehouse, Inc. v. City of Little Can.*, 71 F.3d 716, 718 (8th Cir. 1995). "[W]here no such interest exists, there can be no due process violation." *Id.* (quoting *Dobrovolny v. Moore*, 126 F.3d 1111, 1113 (8th Cir. 1997)).

Anderson does not allege that any state law gives rise to a property interest in having the CLCR document recorded in the register of deeds' office. Under South Dakota law, a register of deeds must "keep full . . . records in proper books, of all deeds, mortgages, and other instruments authorized by law to be recorded in the register of deeds' office[.]" SDCL § 7-9-1. But the register of deeds "may refuse to record any document that the law does not require or authorize a register to record or any document that the register has reasonable cause to believe is a counterfeit lien as defined in § 22-11-29." SDCL § 7-9-19. Anderson's failure to identify any law that requires or authorizes a register of deeds to record a common law copyright claim is fatal to his procedural due process claim. But even if Anderson could point to such a law, his procedural due process claim fails. Even an intentional deprivation of property does not state a due process claim under the Fourteenth Amendment if there is an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). SDCL § 7-9-20 provides:

> Any person whose document or lien is refused for recording by the register of deeds pursuant to § 7-9-19 may commence an action in the circuit court for . . . an order directing the register to file the

10

> document. If the court determines that the register is required or
> authorized by law to record the document or that the lien is not
> counterfeit, it shall order the register to record the document.

Even if Anderson had a property interest in recording the CLCR document,

South Dakota law provides a remedy to accomplish recording of the document.

Anderson has not stated a Fourteenth Amendment due process claim for

refusing to record the CLCR document. *See Hudson*, 468 U.S. at 534–35.

Anderson's CLCR document references a security interest documented by

U.C.C. filings. Docket 18-1 at 2. *See also* Docket 5 ¶ 8. But he does not allege

that defendants deprived him of this security interest. He alleges only that

defendants *attempted* to deprive him of this security interest. Docket 5 ¶ 34

(alleging that defendants are "attempting to extinguish the plaintiffs [sic] lien,

trust, estate, beneficial ownership, and to keep from plaintiffs [sic] heirs and

assigns unlawfully, with malice."); *Id.* at 6 ("defendants were attempting to

vacate and extinguish the plaintiffs [sic] lien where personal property are

attached under false allegations, deceit, misrepresentation."); Docket 12 ¶ 31

("the plaintiff did claim . . . deprivation of rights under color of law by

attempting by a tort act of nullifying/voiding the lien the plaintiff has.");

Docket 21 at 2 ("Defendants were attempting to invalidate the lien the plaintiff

placed on his own property[.]"). A procedural due process claim requires the

actual deprivation of property. An alleged attempt to deprive an individual of a

property interest is insufficient. In this case, Anderson submitted, as evidence

to support his claim, file-stamped copies of his U.C.C. filings with the Register

of Deeds. Docket 16-1 at 36–47. Anderson does not allege that defendants' actions invalidated or nullified these filings. *See generally* Docket 3; Docket 5.

To the extent Anderson alleges that he has an enforceable property right arising out of the "common law administrative procedure with the defendant Julie Risty whereas she failed to respond to affidavits presented to her[,]" the court disagrees. Docket 5 ¶ 10. *See also* Docket 12 ¶¶ 26, 27; Docket 21 at 3. Anderson cites no federal or state law or court rule that provides for a "common law administrative procedure" that can result in an enforceable judgment without commencing a court action or any judicial involvement. It appears that Anderson submitted a demand to Risty, prior to commencement of this action, to which Risty did not respond. Docket 16-1 at 9–35. A party's failure to respond to a demand does not give rise to a property interest under the Fourteenth Amendment.

Anderson does not expressly allege a violation of his substantive due process rights, but even if his amended complaint and supplement are liberally construed to allege a substantive due process claim, Anderson has failed to state a claim upon which relief can be granted. Anderson does not allege any state action that "shocks the conscience." *See Folkerts v. City of Waverly*, 707 F.3d 975, 980 (8th Cir. 2013) (stating that whether conduct shocks the conscience is a question of law). To violate substantive due process, state action must be " ' truly egregious and extraordinary' to shock the conscience." *Livers v. Schenck,* 700 F.3d 340, 351 (8th Cir. 2012) (quoting *Winslow v. Smith,* 696 F.3d 716, 735–36 (8th Cir. 2012)). It must be more than

"arbitrary, capricious, or in violation of state law." *Young v. City of St. Charles*, 244 F.3d 623, 628 (8th Cir. 2001). Anderson's allegations fail to state a substantive due process claim.

### F.    Federal Statutes

In his amended complaint (Docket 3), supplement (Docket 5), and brief in opposition to defendants' motion to dismiss (Docket 12), Anderson alleges that defendants violated various federal statutes to support his § 1983 claim.

### 1.    Federal Criminal Statutes[2]

Anderson alleges that defendants violated various federal criminal statutes including 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law). "It is well settled that criminal statutes will rarely survive § 1983 analysis." *Frison*, 339 F.3d at 999 (cleaned up). An alleged violation of 18 U.S.C. §§ 241 and 242 does not create a private cause of action that can be enforced in § 1983 action. *Franklin v. Vander Sanden*, 2018 WL 11235968, at *6–7 (N.D. Iowa Apr. 16, 2018).

---

[2] In his amended complaint, Anderson alleges a violation of 42 U.S.C. §§ 241, 242. Docket 3 at 3. These statutes give the Secretary of Health and Human Services authority to conduct research and investigations regarding various public health matters. In his supplement, Anderson alleges a violation of 18 U.S.C. §§ 241, 242. In one of his pleadings opposing defendants' motion to dismiss, Anderson states that he "claimed the 241, conspiracy against rights because Risty and Haggar did oppress, injure, threaten, and intimate[] the plaintiff by the abuse of power." Docket 12 ¶ 30. He also states that he "did claim the 242, deprivation of rights under color of law by attempting by a tort act of nullifying/voiding the lien the plaintiff has. Unlawful conversion of property UCC § 8-102(1)". *Id.* ¶ 31. The court will consider whether defendants' alleged violation of 18 U.S.C. §§ 241, 242 is sufficient to state a claim for relief under § 1983.

In one of his pleadings opposing defendants' motion to dismiss, Anderson alleges that defendants violated 18 U.S.C. § 4 (misprison of felony); 18 U.S.C. § 914 (false impersonation as holder of debt of United States); 18 U.S.C. § 1028(b)(1)(A)(ii) (identity fraud); 18 U.S.C. § 1621 (perjury); 18 U.S.C. § 1622 (subordination of perjury); and 18 U.S.C. § 2382 (misprison of treason). Docket 12 at 2, 6, 7, 11.[3] Anderson has the burden of establishing that each of these federal criminal statutes confers a federal right that can be enforced in a § 1983 action. *Frison*, 339 F.3d at 999. In his amended complaint, supplement, and pleadings opposing defendants' motion to dismiss, Anderson does not discuss the existence of a private remedy and does not identify any legal basis for inferring a private cause of action under any of the federal criminal statutes he alleges defendants have violated. Anderson has failed to state a claim upon which relief can be granted under § 1983 arising out of defendants' alleged violations of federal criminal statutes.

### 2.    42 U.S.C. § 1981

Title 42 U.S.C. § 1981 prohibits discrimination based on race or ethnicity in the making and enforcement of contracts. *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). To assert a prima facie § 1981 claim, Anderson must allege "(1) [he] was a member of a protected class; (2) discriminatory intent by the defendants; (3) [he] engaged in a protected activity; and (4) the defendants interfered with

---

[3] Anderson also alleges that Mike Weckman, a third-party claims adjuster, *see* Docket 5 ¶ 16, obstructed mail in violation of 18 U.S.C. §§ 1701, 1702. Docket 12 ¶ 44. Weckman is not a defendant, so it not necessary to analyze this allegation.

that activity—the making and enforcement of a[] . . . contract." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023). Anderson does not allege that he is a member of a protected class or any discriminatory intent by defendants. *See generally* Dockets 3, 5. Thus, Anderson fails to state a claim for relief under 42 U.S.C. § 1981.

### 3.   42 U.S.C. § 1985(3)

To state a claim under 42 U.S.C. § 1985(3), Anderson must allege:

> (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive [him] either directly or indirectly of [his] civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right.

*Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). *See also Dubray v. Rosebud Hous. Auth.*, 565 F. Supp. 462, 466 (D.S.D. 1983). For § 1985(3) to apply, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "[E]vidence of purposeful discrimination must be produced to avoid dismissal of a § 1985(3) claim." *Schmidt v. Louise Big Boy*, 5:05-CV-05036-KES, 2007 WL 858419, at *10 (D.S.D. Mar. 20, 2007) (citations omitted). Because Anderson does not allege a racial or class-based discriminatory animus, he fails to state a claim for relief under 42 U.S.C. § 1985(3).

15

### 4.  15 U.S.C. §§ 1, 2

Section 1 of the Sherman Act prohibits a "contract, combination . . . or conspiracy, in restraint of trade or commerce among the several States[.]" 15 U.S.C. § 1. To establish a claim under Section 1 of the Sherman Act, Anderson must allege "(1) that there was contract, combination, or conspiracy; (2) that the agreement unreasonably restrained trade under either a per se rule of illegality or a rule of reason analysis; and (3) that the restraint affected interstate commerce." *Minn. Ass'n of Nurse Anesthetists v. Unity Hosp.*, 5 F. Supp. 2d 694, 703 (D. Minn. 1998) (citing *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1410 (9th Cir. 1991)). Because Risty and Haggar are both employees of Minnehaha County, Anderson fails to state a claim under Section 1 of the Sherman Act. *See Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769 (1984) ("officers or employees of the same firm do not provide the plurality of actors imperative for a § 1 conspiracy."). Further, Anderson does not allege an unreasonable restraint of trade or an anti-trust injury.

Section 2 of the Sherman Act makes it unlawful to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of the trade or commerce among the several States[.]" 15 U.S.C. § 2. To state a claim under Section 2 of the Sherman Act, a plaintiff must identify a valid relevant market. *Fed. Trade Comm'n v. Tenet Health Care Corp.*, 186 F.3d 1045, 1051 (8th Cir. 1999) (stating that identifying the "relevant market is a necessary predicate to the finding of an antitrust

violation."). Anderson does not attempt to identify the relevant market and fails to state a claim under Section 2 of the Sherman Act.[4]

### G.   Ethics in Government Act

Citing 5 C.F.R. § 2635.101, Anderson alleges that Risty and Haggar breached their duty as public servants to uphold the Constitution. Docket 12 ¶ 50. Neither Risty nor Haggar are federal employees. Thus, the regulation on which Anderson relies does not apply to them. Further, the Ethics in Government Act and regulations promulgated thereunder, including 5 C.F.R. § 2635.101, do not create a private cause of action. *Scherer v. United States*, 241 F. Supp. 2d 1270, 1284–85 (D. Kan. 2003).

### H.   State-Law Claims

Liberally construing Anderson's amended complaint and supplement, he alleges that defendants are liable for trespass, threatening malicious prosecution, barratry, and fraud and deception. Docket 3; Docket 5; Docket 12 ¶ 33. Section 1983 only provides a remedy for violation of rights expressly secured by federal statutes or the Constitution. *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980); *McNees v. City of Mountain Home*, 993 F.2d 1359, 1361 (8th Cir. 1993). Anderson's allegations of trespass, malicious prosecution, barratry, and fraud and deception do not state a claim under § 1983. *See Scheeler v. City of*

---

[4] Because Anderson fails to allege sufficient facts to state a prima facie case under Section 1 or Section 2 of the Sherman Act, it is not necessary for the court to consider whether defendants' actions are within the scope of the *Parker* state-action immunity doctrine. *See generally Parker v. Brown*, 317 U.S. 341, 350–52 (1943) (recognizing that federal antitrust laws do not prevent states from imposing market restraints "as an act of government").

*St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005) (internal citation and quotation omitted) (stating that alleged violations of state laws "do not by themselves state a claim under 42 U.S.C. § 1983."); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (holding that allegations of malicious prosecution do not establish a civil rights cause of action under § 1983); *Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997) ("Ordinarily, an alleged violation of state law does not by itself state a claim redressable by a § 1983 action."); *De La Fuente v. Iowa Democratic Party*, 2016 WL 9224895, at *7 (S.D. Iowa May 10, 2016) (holding that allegations of fraudulent misrepresentation are insufficient to state a claim under § 1983).

Anderson alleges that "the defendants did violate the rights of the plaintiff by the adverse claim of UCC 8-102(1) of a security entitlement." Docket 12 ¶ 36. Section 8-102(a)(1) of the U.C.C. defines "[a]dverse claim" to mean "a claim that a claimant has a property interest in a financial asset and that it is a violation of the rights of the claimant for another person to hold, transfer, or deal with the financial asset." *See also* SDCL § 57A-8-102(a)(1). It is not clear, based on the allegations in Anderson's amended complaint and supplement, that he has a property interest in a "financial asset" as that term is defined in the U.C.C. *See id.* § 57A-8-102(a)(9). But even assuming that he does, a violation of the U.C.C., which South Dakota has adopted, does not give rise to a claim under § 1983 for violating a right expressly secured by a federal statute or the Constitution. Further, Anderson does not allege any facts that Risty or Haggar have held, transferred, or dealt with his financial asset.

18

Because Anderson does not state any federal claim for relief, the court declines to exercise supplemental jurisdiction over any state-law claims alleged in Anderson's amended complaint and supplement. *See* 28 U.S.C. § 1367(c)(3); *Crest Constr. II , Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (stating that district court's decision to decline supplemental jurisdiction over state-law claims is discretionary where all federal claims have been dismissed).

In his opposition to defendants' motion to dismiss, Anderson requests "discovery of documents the defendants have in there [sic] possession relevant to there [sic] motion to dismiss[.]" Docket 11 at 2. Anderson's request for discovery is denied. Defendants did not rely on any documents in their possession to support their motion to dismiss. *See* Dockets 9, 10. A plaintiff is not entitled to conduct discovery to oppose a motion to dismiss for failure to state a claim. *See Iqbal*, 556 U.S. at 684–86; *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128–29 (8th Cir. 2012). Anderson's motion for hearing, motion to deny the dismissal, and motion for discovery (Docket 11) is denied.

## I.    Claims against Minnehaha County

Anderson brings a claim against Minnehaha County. Docket 3 at 3. "[N]either municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior." *Rogers v. King*, 885 F.3d 1118, 1122–23 (8th Cir. 2018) (citations omitted). Thus, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the constitutional violation . . . ." *Clay v. Conlee*,

815 F.2d 1164, 1170 (8th Cir. 1987); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Indep.*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Anderson makes no allegations regarding a Minnehaha County policy or custom. *See generally* Docket 3; Docket 5. He does not allege the existence of an official policy, nor does he allege a persistent pattern of unconstitutional

20

misconduct that would constitute an unofficial custom.[5] *See id.* Thus, Anderson fails to state a claim upon which relief can be granted against Minnehaha County under § 1983.

## II.   Anderson's Motion for Joinder

Anderson seeks to add David Pfeifle, director of the South Dakota Public Assurance Alliance, as a defendant. Dockets 15, 15-1. Anderson alleges that Pfeifle is "the liable party as a insurance bonding agent of the Defendant named as Julie Risty." Docket 15-1 at 4. Because Risty did not respond to the demand Anderson sent or the subsequent notice of default and default judgment, Anderson sent two notices to Pfeifle alleging that Risty is liable for violating his rights. Docket 16-1 at 63–93. By letter dated February 2, 2023, a claims adjuster for the South Dakota Public Assurance Alliance notified Anderson that his claim for damages was being denied. *Id.* at 94–95. The February 2, 2023, letter concluded by acknowledging that Anderson may not agree with the adjuster's reasoning and stated that a "court of competent jurisdiction is the proper place for resolving any dispute over this matter." *Id.* at 94.

Because no court of competent jurisdiction has determined that Risty is liable for violating Anderson's rights, Anderson may not bring a direct action against Risty's insurer. A direct action by an injured party against an insurer

---

[5] In his memorandum in support of his motion for summary judgment, Anderson alleges only that Risty and Haggar are elected Minnehaha County officials, employed by Minnehaha County, and that Minnehaha County is liable for their continuing employment. Docket 21 at 3.

may not proceed unless a final judgment against the insured is returned unexecuted. *See* SDCL § 58-23-1. *See also Trouten v. Heritage Mut. Ins. Co.*, 632 N.W.2d 856, 858 (S.D. 2001) ("no statute in South Dakota . . . allows a direct action by an injured person against another's liability insurer absent a judgment having been first obtained against the tortfeasor."). Contrary to Anderson's allegations, he is not entitled to a judgment against Risty on the basis of "affidavits submitted to the defendant(s), where they were unrebutted, left with no response whatsoever, notably called acquiescence by tacit agreement." Docket 15 ¶ 14. Because no court of competent jurisdiction has entered a judgment in favor of Anderson and against defendants, Anderson's proposed complaint against Pfeifle is futile. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (stating that a motion to amend a pleading should be denied as futile when the proposed pleading would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). Further, as set forth above, Anderson's amended complaint and supplement fail to state a claim upon which relief can be granted. Thus, Anderson's motion for joinder (Docket 15) is denied.

### III.   Anderson's Motion for Summary Judgment

Anderson moves for summary judgment based on the unrebutted affidavits he sent to Risty. Docket 19 ¶ 4. He alleges that he has suffered extreme mental anguish, intentional damage to emotional distress, anxiety, and panic attacks due to defendants' interference with commerce, attempts to vacate a lawful commercial lien with judicial process, interference with contracts, and violation of his due process rights. *Id.* ¶ 15. He seeks punitive

damages in the sum of $375,000. *Id.* ¶ 14. Anderson did not submit a statement of undisputed material facts, as required by D.S.D. Civ. LR 56.1.A. His motion for summary judgment, like his motion for joinder, is based on the mistaken assumption that the demand letter, notice of default, and default judgment that he sent to Risty prior to the commencement of this action establishes, as a matter of law, that defendants are liable because Risty did not respond to these documents. In support of his motion for summary judgment, Anderson contends that "Non Rebutted Affidavits are 'Prima Facie Evidence in the Case[.]' " Docket 19 ¶ 2(a) (citing *United States v. Kis*, 658 F.2d 526, 536–37 (7th Cir. 1981)). In *Kis*, the Seventh Circuit Court of Appeals discussed the procedure for the government to meet its burden to establish a prima facie case in an IRS summons enforcement proceeding under 26 U.S.C. § 7604. 658 F.2d at 536. Under that statute, if the government submits evidence of a prima facie case, then the district court must issue an order to the respondent to show cause why the enforcement summons should not be enforced. *Id.*[6] There is no similar South Dakota statute recognizing a prima facie case for the claims Anderson brings here. Anderson's argument that his unrebutted demand letter and subsequent correspondence, including a "default judgment" that was not entered by a court, are sufficient to establish that defendants are liable is mistaken as a matter of law. Anderson's motion for summary judgment (Docket

---

[6] In *Church of Scientology v. United States*, 506 U.S. 9, 15–16 & notes 8, 9 (1992), the Supreme Court acknowledged a split among the Courts of Appeals regarding the procedure discussed in *Kis*.

19) is denied because he has not submitted the required statement of undisputed material facts and because he has not established that he is entitled to judgment as a matter of law.

Thus, it is ORDERED:

1.     That defendants' motion to dismiss (Docket 9) is granted.

2.     That Anderson's motion for hearing, motion to deny the dismissal, and motion for discovery (Docket 11) is denied.

3.     That Anderson's motion for joinder (Docket 15) is denied.

4.     That Anderson's motion for summary judgment (Docket 19) is denied.

5.     That Anderson's motion for oral argument (Docket 24) is denied as moot.

Dated February 27, 2024.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE